CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

December 18, 2025

LAURA A. AUSTIN, CLERK
BY:
s/A. Beeson
  DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BRIAN FARABEE,            )<br>    Plaintiff,       )<br>                           )<br>v.                         )<br>                           )<br>DR. ROBERT GARDELLA, et al., )<br>    Defendants.      ) | Civil Action No. 7:16-cv-00326<br><br>By: Michael F. Urbanski<br>Senior United States District Judge |

## ORDER

Brian Farabee, proceeding pro se, filed this civil action under 42 U.S.C. § 1983 and the Americans with Disabilities Act (ADA) against Dr. Robert Gardella, a staff psychiatrist at Western State Hospital; Dr. Christy McFarland, a staff psychologist at Western State Hospital; and Daniel Herr, a Deputy Assistant Commissioner of Behavioral Health Services for the Virginia Department of Behavioral Health and Development Services. The court previously granted the defendants' motions for summary judgment, and Farabee appealed. On March 11, 2025, the United States Court of Appeals for the Fourth Circuit vacated the summary judgment decisions and remanded the case for further proceedings, including additional discovery. See Farabee v. Gardella, 131 F.4th 185, 188, 197 (4th Cir. 2025).

On September 11, 2025, new counsel appeared on behalf of the defendants. The defendants have since filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) in which they argue that Farabee has failed to state a claim under § 1983 or the ADA and that they are entitled to qualified immunity. ECF No. 103. Farabee has opposed the motion, ECF No. 112, and the defendants have filed a reply, ECF No. 115. For the following reasons, the motion to dismiss is **DENIED** without prejudice.

First, the court rejects the defendants' argument that the court may only consider the allegations set forth in the operative amended complaint, ECF No. 37, in determining whether Farabee has stated a claim upon which relief may be granted. That complaint was filed nearly eight years ago without the assistance of counsel. "[W]hen a plaintiff raises a civil rights issue and files a complaint pro se, the court must construe pleading requirements liberally." Wilcox v. Brown, 877 F.3d 161, 167 (4th Cir. 2017). Consistent with this requirement, the United States Court of Appeals for the Fourth Circuit has found it "appropriate to look beyond the face of the complaint to allegations made in any additional materials filed by the plaintiff" in determining "whether the complaint of a pro se plaintiff can withstand a motion to dismiss." Holley v. Combs, 134 F.4th 142, 144 (4th Cir. 2025) (quoting Garrett v. Elko, 120 F.3d 261, 1997 WL 457667, at *1 (4th Cir. 1997)). Here, the additional materials filed by Farabee include a response in opposition to the pending motion to dismiss, ECF No. 112; responses to the defendants' prior motions for summary judgment, ECF Nos. 47 and 73; and sworn declarations from Farabee, ECF Nos. 47-2 and 73-1. In light of Farabee's pro se status and the factual and procedural developments in this case, it would be wholly inappropriate to ignore these additional filings in determining whether Farabee has stated a plausible claim for relief. See Holley, 134 F.4th at 144 (considering "the arguments and documentation Holley submitted in his opposition to be incorporated in his complaint"); Garrett, 1997 WL 457667, at *1 (considering Garrett's response to the defendants' motion to dismiss, his motion for summary judgment, affidavits, and copies of grievances, along with the complaint, "to piece together the alleged facts underlying Garrett's claim").

2

Second, Farabee's response to the motion to dismiss does not impermissibly add a new First Amendment claim of retaliation against Herr. On pages 3 and 4 of the amended complaint, under the heading "Retaliation for Filing Complaints," Farabee specifically alleges that Herr had him transferred to Western State Hospital, where he was subject to more restrictive living conditions, in retaliation for filing another lawsuit. ECF No. 37 at 3–4. That claim of retaliation was the first claim addressed in the court's memorandum opinion on the defendants' initial motion for summary judgment. See ECF No. 52 at 9–13. And the Fourth Circuit specifically referenced Farabee's allegations of retaliation in its recent decision. See Farabee, 131 F.4th at 189 ("Farabee alleges that Herr transferred him to Western State in retaliation for his lawsuit or 'out of sheer animus.'"); id. at 190 ("According to Farabee, Gardella's orders authorized the chemical restraint at times when he posed no danger to himself or others and was used to retaliate against him or control him."); id. at 198–99 (Harris, concurring) ("Farabee alleges that he was not offered [dialectical behavior therapy] because, as multiple defendants told him, the treatment was being withheld in retaliation for his prior lawsuits."). Thus, the court finds no merit to the defendants' argument that the amended complaint includes no claim of retaliation against any defendant.

Third and finally, with the respect to the defense of qualified immunity, the court rejects any suggestion that the defendants bear no burden in establishing the applicability of the defense. See Defs.' Mem. Supp. Mot. Dismiss, ECF No. 104, at 18 (asserting that "it is the Plaintiff's burden (not Defendants') to articulate a violation of a federal right and to show that the right at issue was clearly established at the time of the alleged violation") (second emphasis added). Existing precedent establishes that qualified immunity "consists of two questions, on

3

which the burden of proof is split in the Fourth Circuit. Has the plaintiff shown that his rights were violated, and has the officer [or other defendants] shown that the asserted rights were less than clearly established?" Wells v. Fuentes, 126 F.4th 882, 889 n.6 (4th Cir. 2025) (emphasis added); see also Stanton v. Elliott, 25 F.4th 227, 233 (4th Cir. 2022) ("In the Fourth Circuit, we have a split burden of proof for the qualified-immunity defense. The plaintiff bears the burden on the first prong, and the officer bears the burden on the second prong."). This is true even at the motion to dismiss stage. See Hammock v. Watts, 146 F.4th 349, 364 (4th Cir. 2025) ("At the motion to dismiss stage, Defendants carry the burden of demonstrating qualified immunity[.]") (citing Henry v. Purnell, 501 F.3d 374, 378 (4th Cir. 2007) ("The defendant bears the burden of proof on the second question—i.e., entitlement to qualified immunity."))._*_

For these reasons, the defendants' motion to dismiss, ECF No. 103, is **DENIED** without prejudice. The defendants are **DIRECTED** to file an answer to the amended complaint within 14 days.

It is so **ORDERED**.

Entered: December 18, 2025

Michael F. Urbanski
U.S. District Judge
2025.12.18 14:39:55
-05'00'

Michael F. Urbanski
Senior United States District Judge

---

_*_ As the Fourth Circuit explained in Stanton, "Henry . . . was the first case [in the Circuit] to opine about both prongs." Stanton, 25 F.4th at 233 n.5. While other panel decisions may phrase the analysis differently, "Henry is the case that binds us here as the earliest case that decides this precise issue." Id. (citing McMellon v. United States, 387 F.3d 329, 332–34 (4th Cir. 2004) (en banc)).